UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AIMEE BURGESS,<br><br>Defendant. | No. 2:13-CR-330-KJM<br><br><br><br>ORDER |

Defendant Aimee Burgess filed a "petition for resentencing or dismissal." Petition, ECF No. 375 (filed Aug. 4, 2017). The government has opposed. Opp'n, ECF No. 377. With no reply from defendant, the court submitted the petition on April 27, 2018. Minute Order, ECF No. 376. As explained below, the court now DENIES and DISMISSES the petition.

I.  DISCUSSION

The petition, which is filed on a state superior court form, seeks relief under a state law. Specifically, the petition seeks relief under California Health and Safety Code § 11361.8, which was enacted after the state legalized marijuana and provides retroactive relief from former state-law marijuana convictions. Cal. Health and Safety Code § 11361.8.[1]

---

[1] "[A] person currently serving a sentence for a conviction . . . who would not have been guilty of an offense, or who would have been guilty of a lesser offense under the Control, Regulate and Tax Adult Use of Marijuana Act had that act been in effect at the time of the offense

1

This state law does not apply to defendant here.  Marijuana is still criminalized under federal law, and defendant pled guilty in federal court to violating and conspiring to violate federal marijuana laws, specifically the Controlled Substance Act.  *See* Plea Agmt., ECF No. 111, § 1.A (pleading guilty to 21 U.S.C. §§ 846 and 841(a)(1), for possessing with intent to distribute 50kg or more of marijuana and conspiring to do the same); *see also* Plea H'rg Mins., ECF No. 108.  Neither the state's legalization of marijuana nor California Health and Safety Code § 11361.8 undermine federal law.  *Gonzales v. Raich*, 545 U.S. 1, 29 (2005) (upholding Controlled Substances Act despite conflict with California law; explaining "The Supremacy Clause unambiguously provides that if there is any conflict between federal and state law, federal law shall prevail").  Defendant's cited basis for a resentencing or dismissal is therefore invalid.

To the extent defendant seeks to collaterally attack her sentence or guilty plea under 28 U.S.C. § 2255, she has waived the right to do so.  *See* Plea Agmt. § VII.B.  The court verified this waiver in open court and engaged defendant in a detailed colloquy to ensure her waiver was free and voluntary.  *See* Plea H'rg Mins.; *see also* Tr., ECF No. 176, at 3-17.  Defendant has not argued that this waiver is invalid.  Finding no basis to grant defendant's request for resentencing or dismissal, the court DENIES the petition.

II.   CERTIFICATE OF APPEALABILITY

No certificate of appealability will issue.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To obtain such a certificate, petitioner must show "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Defendant has made neither showing.  28 U.S.C. § 2253(c)(2).

---

may petition for a recall or dismissal of sentence before the trial court that entered the judgment of conviction in his or her case . . . ."  Cal. Health and Safety Code § 11361.8.

2

III. CONCLUSION

The court DENIES the petition and DECLINES to issue a certificate of appealability. This resolves ECF No. 375.

IT IS SO ORDERED.

DATED: May 10, 2018.

_____
UNITED STATES DISTRICT JUDGE